Good morning, Your Honor. Good morning. I'm going to please the Court of General Virginia Wrigley for a Plaintiff's Appellant, Michael Cassidy, of the Pacific Community Resource Center. I'd like to reserve three minutes of my time, if I may, for rebuttal. Yes, please be informed that the amounts on the clock is your total time remaining. Thank you, Your Honor. Your Honors, the twelfth Court's entry of judgment should be vacated, and in this case should be remanded to the District Court for further proceedings for two very important reasons. The first is that the Class of 1 discrimination instruction that was given to the jury may escape the law and improperly shift the burden of establishing a rational basis for the city's connectable treatment of the plaintiffs to the plaintiffs themselves. And, most crucially, this erroneous instruction was not harmless. It was prejudicial to the plaintiffs in the same way that the erroneous instruction of Sanders v. City Community Court was harmful, because it was impossible for us to determine from the verdict and the evidentiary record that the jury would have reached the same result if it had been properly instructed. The city is required to show that it's more probable than not that they would have, and we're saying I'm not done. For my first point on the instruction, it's due in the law. So, was there an objection to the instruction, Counsel? No, Your Honor, there was not a formal objection. However, the case law recognizes that even in the absence of a formal objection, it's going to still be an issue that is fully suspended or reviewed in that instance. Are you sure? Not necessarily, Your Honor. We know the review is still appropriate to move on because of the improper burden shifting from the defendants to the plaintiffs in this case. So, are you arguing that the instruction was an error of law? Yes, Your Honor, I am. Well, then let me just ask you about an earlier issue on that, though. The burden shifting instruction that you have in your briefs sounds a lot like the instruction that the city proposed in the trial court. Correct. Which trial counsel at the time actively opposed? Yes, Your Honor, that's right. So, it's one thing not to object to a clear instruction, and it's quite another to object to a favorable instruction substantially similar to the one you're now asking for. So, why hasn't this issue been waived, both by the lack of objection to the law and by opposition to the city's burden shifting instruction, which is much like the instruction you're asking for now? Yes, Your Honor. Well, I think that the process of the debate over the instruction involved from the initial opposition to the defendant's instruction. Ultimately, the plaintiffs did offer an amended instruction that folded in more of the concept of the defendants establishing that rational basis, which was rejected by the court. Trial counsel was quite inexperienced, and so there was less of an opposition initially, as there should have been. But I do believe in the record that it's demonstrated that the plaintiffs realized that it needed to be amended, but it was not, which created an instruction that was extremely erroneous. In fact, if you look at the instruction itself in the record, not only does it improperly presume a rational basis, it actually just states basis. If you go to 171 ER 004 in the record, it says, Health claim is proven by a preponderance of the evidence that defendants intentionally treated plaintiffs differently from others similarly situated, and there was no basis for this different treatment. Counsel, Judge Gould, if I could interject a question, please. I share concerns that you address the issues raised by both of my colleagues, and specifically from my perspective. I'd be interested in hearing what you think is your best case to implement us to review this instruction. The NOVO, under circumstances where it wasn't requested by you, by your client, and your client objected to a similar one. I have trouble seeing how, just speaking as norm judge, we could possibly review for it, other than plain error. Understood, Your Honor. Well, even under a plain error standard, I believe that we would prevail. But in terms of the best case for our argument for the NOVO review, to answer your question, pardon me, it is of them being Lomeli, because the jury instruction does not correctly state the law. It quite incorrectly states the law, which requires a NOVO review. That's right. That's the issue I have a problem with. Can you clarify in what jury instruction you think the district court should have given? Should they have given a plaintiff's proposed instruction, the city's proposed instruction, or something else? It could have given either the defendant's proposed instruction or the plaintiff's supplemental proposed instruction, as long as it gave an instruction that made clear that the defendants needed to either articulate or proffer a rational basis. As it's drafted and as it was asked of the jury, it was just presuming that there was a basis. There's no basis in our argument. So you cited the case of Gerhard in support of your argument? Correct. So let me ask you to turn to page 1022 of that case and tell me what you make of this language. To succeed on this class of one claim, Gerhard must demonstrate that the commissioners intentionally treated Gerhard differently than other similarly situated property owners without a rational basis. So it appears that we assess the burden on the plaintiff in that case. How can you say there was an error of law in light of our assumption of that particular language? Yes, Your Honor. Well, under the facts of that case, and we can use those scoring cases, there was a rational basis. So I'm talking about the burden of protection that's articulated here. How can you say there was an error of law if we have explicitly stated that the burden of proof on the rational basis issue is that of the plaintiff? We do not dispute that the ultimate burden of proof is on the plaintiffs. That once the defendants have established a rational basis, then it's up to the plaintiffs to show that it was pretext. But this case doesn't say that the defendant has the initial burden of putting forth a rational basis, which may then be rebutted by the plaintiff. What it says is that the plaintiff has to establish that there is no rational basis. You're absolutely right that in none of these cases does it explicitly state this burden. That must be established in order for this to be proven. However, I think that's what's so important about this case and the opportunity that the Lighting Circuit has in this case to clarify what these instructions should say and how they should be drafted so that juries can properly understand that there needs to be an offered or articulated rational basis. In many other cases, there just is one, so you can infer it, but we don't have anywhere on the record such a rational basis. How can there be an error of law if the jury instruction is consistent with the language of the cases that presently constitute precedent? It's only consistent with the law insofar that it's all a very gray area. Although we know that there needs to be a rational basis, it's sort of taken for granted, and so we don't have a good case such as this one where there was no rational basis. It's not been addressed. In all of these cases, it's very specifically articulated or offered. Well, the burden-shifting framework you're arguing for looks analogous to the McDonnell-Douglas framework for Title VII cases. In general, however, it's not appropriate to instruct a jury on the McDonnell-Douglas framework. It's a framework used by judges in profound disposition motions, but it's not very useful to juries. So is there a reason why juries should be instructed on burden-shifting framework in the class of I cases when they're not so instructed in other cases? Yes, Your Honor, I believe so, because in this class of I case, we have a type of discrimination that is not as clearly defined as any Title VII discrimination. We had an issue in this particular case. The record shows a group of people that the city just thought to be undesirable and didn't want in their town, which is why they spent over five years fighting plaintiffs in every possible way in order to keep them out of the town. And so the jury needed to have the opportunity to hear from the city what their rational reason for doing this was. That's an important part. Without that, there's serious harm to any group of people that wants to come in and do something like what super community resources are always trying to do. They can just be ousted without any real reason. Well, it actually has to do, plaintiffs, have the burden of proving that the differential treatment was irrational or is differential treatment presumptively irrational unless the city offers a reason for it? Yes, I agree that it is presumptively irrational. But in almost all of these cases, it's quite straightforward and easy for the defendants to offer some sort of rational basis for the plaintiffs to enter, but that just didn't happen here. So we have absolutely no idea how the jury would have ruled, which is why there needs to be a new trial. Counsel, did you want to say a couple more? I did. I was going to say three minutes, so I have a minute and a half left. I really want to focus on that approach issue because what happened is very clearly articulated in other cases, such as Sanders, where we genuinely have no idea how the jury would have held. If you look at the verdict form, it's not very helpful. We understand how the jury felt on the issues of discrimination based on disability status or veteran status. We don't know how they felt about classical discrimination, and there is quite a lot of evidence in the record to support their not being a rational basis for this behavior. Recently, this court held in Washington v. Trump that a background of statements indicating discrimination could be used as circumstantial evidence of a discriminatory intent. There's a lot of that in this case, so it's quite reasonable to assume that a properly disruptive jury could have come to a different conclusion. We just can't know, and that's prejudice. Please stand by. I'm going to give you a moment to announce yourself. Thank you. Good morning. Good morning. May it please the Court. John Cameron Hurley here for the seat of Glenn Dale, the appellee in the case.  and the verdict of the jury. I think the most important issue for the court today is what is the proper standard of review? The proper standard of review in this case is a plain error review. What tells us that is Federal Rules of Procedure 51. It requires that at a trial level, if you want to preserve an error to a jury instruction, you stay on the record of your objection, you do it distinctly so you can't sandbag later or come up with some reason. When you have a case like this where so many different claims and jury instructions are submitted to the jury. The counsel, you would agree, wouldn't you, that if it's an error of law that's contested, it's de novo even if it's a jury instruction? Only if it's properly prescribed. That's what the Federal Rules of Procedure. If the error of law has to be properly preserved in order for us to consider it de novo? That's correct. What case authority do you have to support the proposition that we review for plain error? I think... Let me just ask you a physical question. Okay. An issue of law in a jury instruction. I think the best case on this issue is the CB v. City of Sonora. That was the case that I instructed after the change in the Federal Rules of Procedure and prompted the idea that if you don't object to a jury instruction on the record pursuant to the Federal Rules of Procedure, then this error is plain error. Did that involve an error of law? The error in City of Sonora, I believe, had to do with an error of law. The instruction itself was incorrect. Well, that's... Saying the instruction's incorrect doesn't necessarily allege an error of law because that could be based on the wording of the instruction as opposed to whether it was executed in law. So that's the distinction I'm trying to make. Did CB involve an assertion that the instruction incorporated an error of law as opposed to confusing the jury or otherwise being discorded? Yes, it was an error of law. It was not a formulation issue. If it were an issue about formulation, I would think the proper standard would be abuse of discretion.  I would agree with that, Your Honor. Okay, well, I'm going to read the case real quickly. Do you have a particular page you think I should read? I think in your brief you cited the pages 1018 and 1019. Correct. So the page I would be looking at, I guess, would be... Let me look this up here. It appears to be page 27. 1027? Well, excuse me, 1018. Yeah, that's what you cited in your brief. But I didn't see any liners that are making the distinction between errors of law and misstatement of the jury instruction such as to confuse the jury or otherwise. Well, I suppose that would be correct, that the language in this case uses just the term error. And you have always lied to it, too. And I believe the case seeks to encompass all errors. Well, the case law does make the distinction between errors of wording and errors of law. So that's why I was trying to explore with you what's your best case authority for the proposition that if an error of law is asserted, we still review for plain error rather than denial of law. And so you told me CD was your best case. So if CD doesn't say that, may I assume that your argument is mistaken? That would be proper, Your Honor. I believe in this case, if we look at the actual wording of the jury instruction, if the court were to find... I'm not aware of a case out there that says if you didn't preserve the error, and it is error of law, you get a denial of overview. That's what I was asking you, because I was wondering. So I suppose I'm not aware of a case you've played. I always have read CD versus the CD score to say that any error is always a CD score. It doesn't matter. In this case, I think it further doesn't matter because the jury instruction that was read to the jury wasn't for any statement of law. So whether you're doing denial of overview or plain error, the first step would always be the same. Is there an error? Well, there is no error here. At trial, the city proposed a class of unburden-shifting instruction very similar to what's been argued for by a felon on appeal. So has the city's proposed instruction been wrong? It was similar, but not exact. And I don't believe the instruction created this burden-shifting that the plaintiff's counsel focuses on. The instruction proposed by the city simply said that the defense may offer, it didn't say they were required to, but they may offer a rational basis. What was that about? I don't know that the case law is entirely clear. I don't think that that jury instruction was as clear as it should have been for the court and for the jury. And so I don't know that I'd go as far as to say it was an incorrect statement of the law. But I think that when you look at the jury instruction given by the court, all of the cases that have been cited, Willowbrook, Gearhart, Lacey, Grants, all of these cases have a more clear formulation of the test, which is that the plaintiffs have to prove that the defendants intentionally treated them differently from similarly situated individuals, and that there was no rational basis for that difference in treatment in every single case. Cite the test the exact same way. That would be it with it. And that's the instruction the jury was read by the district court, but now we need the clearest way to present that to the jury. Let me just quickly go back for a second. No one's argued you. Your 3C1B argument about the notice, are you conceding that? I'm not going to argue that there's been any prejudice to the defense, and I don't know that it would be beneficial to give too much argument about it. When you look at the Class of March claim that was brought by the plaintiffs, when you take a look at the record, they have made a complaint in the pretrial order. I think you'll notice something that is missing from any of those statements, any of those claims, and that is any claim that the defense had to prove that there was a rational basis. In fact, the allegations made by the complaint, the pretrial order, all say that the plaintiff is claiming that the defense had no rational basis for their actions. So this would be, not only was it a jury instruction that was requested by the plaintiffs, a direct statement of what was there, but it was based on their made a complaint based on their pretrial order, all which is uncorrected. The point is that when the judge was looking at what instruction to give, he was looking at all the claims that the plaintiffs had made, he was looking at the evidence in front of him, and the decision that he made to give a clean instruction of the test that exists in every single, every single Class 1 claim that was brought, the case that decided to put us forward, was the correct instruction to give. In the city's response to the plaintiff's objection to their Class of March instruction, the city stated, quote, once plaintiffs have demonstrated that they were treated differently from others similarly situated, defendants must demonstrate a rational basis for their difference in treatment, end quote. Isn't that exactly what the appellants are arguing for now? Yes, that would be the correct statement of the law. It is the legal argument. I don't want to get too far down this branch, but taking a look at how we got to this place, I think Squaw Valley is the one case that sort of monies the waters here. Now, Squaw Valley is not a case that shifts the burden at all. In fact, the test stated in Squaw Valley is the exact same requirements for a Class 4 case that was stated in Willowbrook, which is the case, the similar case that is now is the test. However, in Squaw Valley, there is another issue looked at by the District Court, and that issue had to do with a pretext argument that somehow the actions by the regulators in that case was the pretext for some other action. However, if you look at the present case, the case that was submitted to the District, and all the claims that were brought to the District Court, there was never an argument or an allegation that the pretext was really the issue here with the city or the Class 1 claim. And if you look at Squaw Valley, it's the only case that addresses this pretext argument and cites in order to launch into the pretext analysis a few cases that were all decided before the Willowbrook case came down to the District Court. It all is under the human protection framework of the 14th Amendment, but it has nothing to do, really, with the Class 1 claim, which is what it was named, what it was called in the pretrial order, and how it was submitted to the Jury. That test has always remained the same, and the instruction given to the Jury was exactly what the test is. I believe that the Court will find that this is a harmless error, and what plaintiffs like to focus on is this idea that there was one question on the verdict floor about whether or not there were similarly situated individuals that they had been treated differently without a rational basis. In the record, and this is in the supplement record that I submitted, when I made a motion for a direct verdict at trial, there was a long colloquy with the judge about whether or not plaintiffs had met their burden to prove there were similarly situated individuals. When you take a look at the evidence submitted to the Jury on that, the judge was very close to creating a direct verdict that there was absolutely no evidence of hugely poor tort. There was no smoking gun for a similarly situated individual. There wasn't even a smoking or smoldering hammer. That's what the Judiciary Court said. So in order for the plaintiffs to try to convince this Court that there was some harmless error, they're going to have to point to something in the record that the Jury would have latched onto to find that there were similarly situated individuals, because if there aren't, then this error should be harmless because the plaintiffs did not meet their burden on that, and we all agreed, it doesn't matter who's arguing this, that the plaintiffs had to prove there were similarly situated individuals that were treated differently. That's clearly the task. When you look at the rest of the verdict form, you see that the Jury found for the city on every single count, every single claim, the city's entitled to all the inferences that come with that. When you look at all these ideas that there might be some pretext for no rational basis, there's a finding by the Jury that the city acted completely fine in every other instance. Essentially, there was no discrimination. The city was following the building codes and simply enforcing those codes. So this idea that the defendants couldn't prove that there was a rational basis is not supported by the Jury verdict. Counsel, are you retreating from your predisposition that there was no error in the Jury instructions, or is this an alternative argument? I don't believe it. I have always maintained that the Jury instruction that was read to the Jury by the District Court was the correct formulation. So your alternative argument is, if there was any error, it was harmless. Correct.  Any questions, Judge Gold? No questions here, thank you. Thank you, Counsel. Thank you. I ask that we return to the finding of the Jury verdict. Thank you. Donna? Your Honor, I neglected to discuss before regarding the de novo standard and why it should apply. When the instruction is erroneous, it's the pointless formality instruction where if they didn't object formally, that is not a deal-breaker because the instruction would have been a pointless formality. And I believe that the record shows that the test for proving that has been met. I also wanted to point to Chess v. Dovey on 970, where they held that they should review an instruction de novo despite there being no objection because it was an incorrect statement of the law. So opposing counsel seems to think that the fact that it's asserted to be an erroneous statement of the law doesn't make a difference in terms of standard review. Do you agree with that? No. But I do want to say that even under a plain error standard, the instruction still fails because it affects the substantial rights of the plaintiffs. This goes to the heart of constitutional protections, discrimination, and in a situation like this, people were harmed. And, you know, I want to address the fact that the judge is going to take discretion in the record if they're not being similarly situated. And to use Israeli not an issue here. We're not talking about what the judge believed or didn't believe. We're talking about what the jury was allowed to consider and decide. This was an issue for the jury. It wasn't up to the judge. So we don't know what they thought on that issue, and that was important. Also, this isn't about the other items on the verdict form. We're not arguing any of those. No Rule 50 motion was filed, unfortunately, so we weren't able to mount an appeal on anything other than this possible indiscrimination. Counsel, are you trial counsel? We are trial counsel. Are you aware if there's a model jury instruction on this issue? Yes, Your Honor. I looked yesterday, and here it is not. I do believe this would be a wonderful opportunity to create one which would lay out the issues very clear. And as for the pretext being some newly invented concept by Squaw Valley, if there were no pretext concept, then any rational basis that was articulated would end the inquiry. So the reason I ask you that, because I happen to be on the jury instruction committee for the circuit, and so I'm assuming that you would prefer an instruction that gives the, that puts the initial burden on the defendant to show a rational basis before the plaintiff is required to rebut them. Yes, Your Honor, that's correct. I think that would provide the jury with all of the information they needed to make an informed decision about whether or not this possible indiscrimination had taken place. The problem with that is that generally on the jury instruction committee, we follow the precedent of the circuit. So if there isn't a case that says that, it would be difficult for us to craft an instruction without precedent. It can be inferred from the cases, Your Honor, because there isn't a case saying that shouldn't be the case or that the instruction should be somehow significantly different. In all of the cases, especially in Squaw Valley, it's very clear that a rational basis was articulated. And so in cases like this where it's not clear, that grain has come to the surface, and there's nothing in the case law to prevent you from creating such an instruction. Thank you, counsel. Thank you, Your Honor. Thank you to both counsel for your arguments in this case. The case was argued and submitted for a decision by the court. The next case on the calendar for argument is Robinson v. Charter Practices International. Judge Walton. Judge Walton, I have one other thing. Yes. I think on this last case, my note indicated that a balance counsel was appearing pro bono. And if I'm right in that, we should say a special thanks to her and to her firm for that help. And, of course, I thank both counsel on both sides for their effective and strong arguments. Thank you, Judge Otago, for pointing that out. We do appreciate your efforts on behalf of your client, pro bono. You represented the client very well. We appreciate it.
judges: Gould, Rawlinson, Rayes